**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY MCGEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:23-cv-1145-RWS |
| | ) |
| RICHARD ADAMS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of petitioner Anthony McGee for leave to commence this civil action without prepayment of the required filing fee. ECF No. 4. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed, and his motions for a restraining order and immediate hearing will be denied.

### Background

Petitioner is a self-represented litigant who is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. In 1988, he was convicted by a jury of second degree murder and armed criminal action. ECF No. 3 at 1; *State of Missouri v. McGee*, No. C-R587-654FX (Circuit Court, Cape Girardeau County). He was sentenced to consecutive terms of life imprisonment and thirty years imprisonment respectively. In 1989, he appealed his convictions and the denial of his Rule 29.15 motion, which were subsequently affirmed. *See State v. McGee*, 781 S.W.2d 161 (Mo. Ct. App. 1989).

## The Petition and Amended Petition

On September 11, 2023, petitioner mailed a handwritten two-page document to the Court titled, "Petition for Writ of Habeas Corpus." ECF No. 1. He asserted that the Missouri Board of Probation and Parole should not have found him guilty of a parole violation in August of 2023 because his life sentence, which began in 1988, should have been limited to thirty years. Petitioner believes he is being unconstitutionally held past his release date. Upon receipt of the filing, the Court directed petitioner to amend his petition on the Court's 28 U.S.C. § 2254 form in compliance with the Local Rules of this Court. ECF No. 2.

In response to the Order, Petitioner filed an amended petition on the appropriate form asserting two grounds for relief. ECF No. 3. First, petitioner argues that Missouri law requires life sentences for Class A felonies to be "calculated at 30 years" and for the Parole Board to provide definitive conditional release dates. *Id.* at 4-6. He contends he has been incarcerated for more than thirty years and has not received a conditional release date. *Id.* Second, petitioner argues he was "subjected to a parole violation without proper due process of the law." *Id.* at 8. He refers to his pending criminal case, *State v. McGee*, Case No. 23SL-CR05236 (Cir. Ct. St. Louis Cnty.), in which he was charged with a Class D Felony of stealing. Petitioner does not take issue with the Parole Board's actual revocation process, but rather contests the revocation because he "has not been convicted, and never will be." ECF No. 3 at 9.

## Discussion

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2254. The Court has carefully reviewed his petition and amended petition and, for the reasons discussed below, this matter must be summarily dismissed.

### A. Failure to Allege a Constitutional Violation

Under 28 U.S.C. § 2254, a district court can only entertain a petition for writ of habeas corpus filed by a person in state custody "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a federal district court's power to review state convictions is limited. *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991). In particular, relief under § 2254 "is available only where errors of a constitutional magnitude have occurred." *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions," and that a federal court conducting habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). To that end, petitioner is required to allege a constitutional violation in order to maintain a § 2254 petition.

With regard to conditional release, the United States Supreme Court has determined that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Nevertheless, a state's own "parole statutes and regulations may create a liberty interest that is entitled to due process protection." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). As to Missouri, the United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes do not create a liberty interest. *Id*. (explaining that "[t]his court has consistently held that the current Missouri statutes, standing alone, do not create a liberty interest protected by the due process clause of the Fourteenth Amendment"); *see also Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (stating that "our court has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions").

3

Here, petitioner asserts he has not been provided with a conditional release date, and that he should already have been released. As noted above, however, there is no constitutional right to be conditionally released before the expiration of a valid sentence. Although a state's own statutes may create such a liberty interest, Missouri's statutes do not. To the contrary, the Missouri Board of Probation and Parole has "retained plenary discretion as to whether to issue a conditional release date." *See Rentschler v. Nixon*, 311 S.W. 3d 783, 788 (Mo. banc. 2010) ("The board's consideration of granting conditional release to any of the inmates [is] a mere possibility, nothing more. It is insufficient to support a claim for the creation of a disability."). Specifically, Mo. Rev. Stat. § 558.011.5 provides that "[t]he date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole." Therefore, petitioner's claim regarding the denial of a conditional release date fails to rise to the level of a constitutional violation.

Petitioner further argues that his life sentence should have been limited to thirty years pursuant to Missouri law. Petitioner appears to be mistaken in understanding that a life sentence requires release after 30-years' imprisonment. Mo. Rev. Stat. § 558.019.3 states that "any offender who has been found guilty of a dangerous felony . . . and is committed to the department of corrections shall be required to serve a *minimum* prison term of eighty-five percent of the sentence imposed by the court." (emphasis added). Subsection 4 provides that, for the purpose of determining the *minimum* prison term to be served, "[a] sentence of life shall be calculated to be thirty years." A minimum term does not mean a guaranteed term. There is no constitutional right to have specific release and parole eligibility dates calculated.

Here, Petitioner does not assert a constitutional violation, but merely requires the court to interpret and apply Mo. Rev. Stat. § 558.019. *See Bagley v. Rogerson*, 5 F.3d 325, 328-29 (8th Cir.

4

1993) (explaining that a violation of state law, without more, is not federal constitutional violation). As such, Petitioner's claim is not cognizable under § 2254.[1] "With the exception of due process claims, state prisoners' claims of error involving sentencing, parole, probation, and revocation of probation are matters governed by state law that are not cognizable in federal habeas proceedings." *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986).

### B. Failure to Exhaust Administrative Remedies

Petitioner additionally argues the Parole Board erroneously determined that he committed a parole violation without due process of the law. *Id.* at 8. He does not, however, take issue with the Parole Board's process or lack of process for determining the violation. Rather, petitioner argues that his pending criminal case, *State v. McGee*, Case No. 23SL-CR05236, should not be the basis for a revocation because he is innocent of the conduct underlying the alleged violation.

A state prisoner must exhaust available state remedies before obtaining federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). This requires that the prisoner "give state courts a fair opportunity to act on their claims." *O'Sullivan*, 526 U.S. at 844; *accord Dansby v. Norris*, 682 F.3d 711, 722 (8th Cir. 2012). A petitioner satisfies the exhaustion requirement by showing either that he "made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." *Gentry v. Lansdown,* 175 F.3d 1082, 1083 (8th Cir. 1999); *accord Meador v. Branson,* 688 F.3d 433, 435 (8th Cir. 2012).

To exhaust a challenge to probation revocation proceedings in Missouri, a petitioner must first file a state habeas corpus petition under Missouri Supreme Court Rule 91 in the circuit or

---

[1] Petitioner has also filed a two-page "Motion, Petition for Restraining Order," requesting that the Court order the State of Missouri to stop "housing any lifers past the thirty year limitation set by RSMO." ECF No. 5. Petitioner's motion will be denied as there is no legal basis for his request or likelihood of success on the merits.

associate circuit court of the county where he is in custody. Mo. S. Ct. R. 91.01(a). *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); *see also Brown v. Missouri Bd. of Prob. & Parole*, 727 F. Supp. 524, 531 (W.D. Mo. 1989). Thereafter, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 556-57. There is no time limit for filing a Rule 91 state habeas petition. *Davis v. Purkett*, 296 F. Supp. 2d 1027, 1030 (E.D. Mo. 2003).

Petitioner has not shown the Court that he has first exhausted his state court remedies, and in the Court's independent review of Case.Net, Missouri's state court online docketing system, the Court cannot find a Rule 91 filing by petitioner. Although the Court has the discretion to address the merits of unexhausted claims, 28 U.S.C. § 2254(b)(2), it cannot grant habeas relief on an unexhausted claim.

### C. Summary Dismissal

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must dismiss a 28 U.S.C. § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Here, it is plainly apparent that petitioner is not entitled to relief. As petitioner has not presented any constitutional basis for his 28 U.S.C. § 2254 petition, or shown his claims as exhausted, the petition must be dismissed.

### D. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.").

In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### Motion for Immediate Hearing

Petitioner has filed a "Motion for Immediate Hearing" on the issues raised in this action. ECF No. 6. The motion will be denied as petitioner's 28 U.S.C. § 2254 petition is being dismissed. *See Blum v. Schmitt*, No. 4:18-CV-1203-CDP, 2021 WL 1088101, at *10 (E.D. Mo. Mar. 22, 2021) (citing *Johnston v. Luebbers*, 288 F.3d 1048, 1060 (8th Cir. 2002) (stating that the Court may deny a petitioner's motion for a hearing if the record before the Court is sufficient to resolve the claims)).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's original petition for writ of habeas corpus under 28 U.S.C. § 2254 [ECF No. 1] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that petitioner's 'Motion, Petition for Restraining Order" [ECF No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's 'Motion for Immediate Hearing" [ECF No. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

Dated this 30th day of November, 2023.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE