UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MCGEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:23-cv-1145-RWS |
| | ) |
| RICHARD ADAMS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This closed case is before the Court on self-represented Petitioner Anthony McGee's motion to recall mandate, which the Court interprets as a motion for reconsideration. ECF No. 9. Petitioner also filed a motion to appoint counsel. ECF No. 10. Both motions will be denied.

Petitioner does not state under which rule he brings his motion for reconsideration. Thus, it is unclear whether Petitioner intends his motion for reconsideration to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments

that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by Petitioner in his motion, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). First, Petitioner is well past the 28-day time-limit imposed by Rule 59(e). Even if his motion were timely, Petitioner points to no manifest errors of law or fact made by the Court in its dismissal order. Petitioner argues the Court did not address the liberty interest with respect to Mo. Rev. Stat. § 558, but he

is incorrect. The Court addressed § 558 in detail and concluded that there was no constitutional right to have specific release and parole eligibility dates calculated. ECF No. 7 at 4-5.

Petitioner also presents a new argument that Respondent fails to apply the parole statutes to black inmates. A motion for reconsideration of a closed matter cannot introduce new evidence or tender new legal theories, as Petitioner has done here. Furthermore, Petitioner's motion fails to point to any mistake, fraud, or other reason justifying reconsideration of the Court's judgment. There are no exceptional circumstances here that justify extraordinary relief.

Petitioner uses his attachment to continues to argue that a life sentence is limited to 30 years in prison. ECF No. 9-1. The Court will not reconsider merit arguments that were previously considered and dismissed. The Court declines to provide Petitioner with relief from final judgment in this matter. Petitioner is therefore not entitled to reconsideration of the dismissal of his petition, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Reconsideration" [ECF No. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for counsel [ECF No. 10] is **DENIED**.

Dated this 17th day of December, 2025.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE